IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID WILLIAM STAUFFER, I, and LAURA L. STAUFFER, <br><br>  Plaintiffs, <br> v. <br><br> JUDITH H. MATARAZZO, STATE OF OREGON COURTS, ANNA K. SORTUN, TONKON TORP, LLP, and FITBIT, INC., <br><br>  Defendants. | Case No.: 3:23-cv-01136-AN <br><br><br> OPINION AND ORDER |

Plaintiffs David and Laura Stauffer ("plaintiffs"), proceeding *pro se*, brought this action against Judge Judith Matarazzo and the State of Oregon Courts (the "State Defendants"), Anna Sortun and Tonkon Torp, LLP (the "Law Firm Defendants"), and Fitbit, Inc. ("Fitbit" and, collectively, "defendants"), alleging deprivation of their due process rights under 42 U.S.C. § 1983.

State Defendants, Law Firm Defendants, and Fitbit each filed separate motions to dismiss. State Defs.' Mot. to Dismiss, ECF [5]; Law Firm Defs.' Mot. to Dismiss, ECF [6]; Def. Fitbit's Mot. to Dismiss, ECF [20]. Those motions are currently pending before the Court.

State Defendants and Law Firm Defendants now move to stay discovery pending decision on the motions to dismiss. State Defs.' Mot. to Stay Disc., ECF [28]; Law Firm Defs.' Mot. to Stay Disc., ECF [30]. For the reasons outlined below, the motions are GRANTED.

## LEGAL STANDARD

A court may issue a protective order forbidding discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party seeking the protective order must establish [that] 'specific harm or prejudice will result if no protective order is granted.'" *Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-CV-0580-AC, 2016 WL 6963039, at *3 (D. Or. Nov. 28, 2016) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir.

1

2003)). A court has "wide discretion" in issuing a protective order or otherwise controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Neither the Federal Rules of Civil Procedure nor the Ninth Circuit has provided a clear standard for evaluating a motion to stay discovery based on a potentially dispositive motion, such as a motion to dismiss. *Ciuffitelli*, 2016 WL 6963039, at *4 (citing *Davis v. Nevada*, No. 3:13–CV–00559–MMD–WGC, 2014 WL 1308347, at *1 (D. Nev. March 31, 2014) and *DRK Photo v. McGraw–Hill Companies, Inc.*, No. CV12–8093–PCT–PRG, 2012 WL 5936681, at *1 (D. Ariz. Nov. 27, 2012)). Circumstances in which stays of discovery may be appropriate include when a pending dispositive motion does not raise fact issues or when a motion raises procedural issues. *Id.* (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) and *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).

## BACKGROUND

Plaintiffs filed the complaint on August 3, 2023. They allege that defendants denied them the right to a jury trial in a Multnomah County Circuit Court case. Compl., ECF [1], 3-4.

On August 29, 2023, State Defendants and Law Firm Defendants filed motions to dismiss. On October 3, 2023, Fitbit filed a motion to dismiss. State Defendants argue that the Court lacks jurisdiction to hear plaintiffs' claims under the Rooker-Feldman Doctrine, State Defendants have absolute judicial immunity from 42 U.S.C. § 1983 claims, plaintiffs' claims are barred by issue preclusion, and plaintiffs have failed to plead sufficient facts to support any constitutional violation. State Defs.' Mot. to Dismiss 2. They also argue that the State of Oregon, specifically, is immune to suit under the Eleventh Amendment. *Id.* Law Firm Defendants argue that, as private, non-state actors, plaintiffs cannot state a claim against them under 42 U.S.C. § 1983, and that the Court lacks jurisdiction to hear plaintiffs' claims under the Rooker-Feldman Doctrine. Law Firm Defs.' Mot. to Dismiss 3, 6. Those motions remain pending.

State Defendants and Law Firm Defendants received a request for admissions on November 3, 2023, when it was filed with the court. Decl. of Sara Del Rubin ("Del Rubin Decl."), ECF [29], ¶ 3; Decl. of Janet Schroer ("Schroer Decl."), ECF [31], ¶ 3. The deadline to respond is December 4, 2023, when discovery is scheduled to close.

On November 13, 2023, Law Firm Defendants emailed plaintiffs to request that they withdraw their request for admissions or confer on a motion to stay discovery. Schroer Decl. ¶ 5. Plaintiffs indicated that they would not withdraw the admissions request or agree to a stay. Schroer Decl. ¶ 6. Plaintiffs informed both Law Firm and State Defendants that, in addition, they intended to serve requests for production. Del Rubin Decl. ¶ 4. The parties have not had a Rule 26(f) conference to date. Del Rubin Decl. ¶ 5.

**DISCUSSION**

State Defendants and Law Firm Defendants state that, absent a stay of discovery, they will be subjected to the "financial and time-consuming burdens" of responding to plaintiffs' requests for admissions and for production of documents prior to any determination of whether plaintiffs' claims are viable. State Defs.' Mot. to Stay Disc. 3; Law Firm Defs.' Mot. to Stay Disc. 3. This imposes an undue burden and expense for which the Court may consider issuing a protective order staying discovery.

The pending motions to dismiss challenge the legal viability of, and the Court's jurisdiction over, plaintiffs' claims. State Defendants and Law Firm Defendants allege numerous deficiencies in the pleadings, including this Court's lack of subject matter jurisdiction, State Defendants' immunity, issue preclusion, and the impermissibility of bringing claims against Law Firm Defendants under 42 U.S.C. § 1983. The motions to dismiss are potentially dispositive and could result in dismissal of the action against all defendants. The motions do not require additional discovery, as they are "purely legal and rooted in plaintiffs' allegations." State Defs. Mot. to Stay Disc. 2-3; Law Firm Defs. Mot to Stay Disc. 3. Because they are dispositive and do not require additional discovery, they present a circumstance that warrants issuing a protective order staying discovery.

Plaintiffs oppose the motions, noting that they have twice offered to schedule a "Rule 26(f)/settlement conference" and that pursuant to the Court's scheduling order, all discovery must be

completed within 120 days of August 4, 2023. Pls.' Opp. To Mots. To Stay Disc. ("Pls.' Opp."), ECF [32], at 1-2.[1]

Although the Court did issue a scheduling order setting a deadline to complete discovery, it did so on August 4, 2023, prior to defendants' motions to dismiss. The Court is permitted to modify the scheduling order for good cause. Fed. R. Civ. P. 16(b)(4).

Staying discovery will protect defendants from the undue burden and expense of discovery and promote an efficient use of resources prior to any ruling on the viability of plaintiffs' claims. Accordingly, discovery is stayed until the Court resolves the pending motions to dismiss. *See Jarvis*, 833 F.2d at 155 (finding that district court did not abuse its discretion in staying discovery pending resolution of motions to dismiss because "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion").

## CONCLUSION

For the foregoing reasons, the Motion to Stay Discovery, ECF [28], and Motion to Stay Discovery, ECF [30], are GRANTED. Plaintiff is prohibited from serving any additional discovery requests on any defendant until the Court resolves the pending motions to dismiss, and defendants are not required to respond to the request for admissions that was already served. The parties are directed to confer and file a Joint Rule 26(f) Report and Proposed Discovery Plan within 30 days of any decision on the pending motions to dismiss, unless that decision results in dismissal of the case.

IT IS SO ORDERED.

DATED this 21st day of November, 2023.

          *Adrienne Nelson*
          Adrienne Nelson
          United States District Judge

---

[1] Plaintiffs' opposition to the motions to stay discovery also raises various arguments in opposition to the motions to dismiss, which the Court does not address here.