IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID WILLIAM STAUFFER, I, and LAURA L. STAUFFER,<br><br>    Plaintiffs,<br>v.<br><br>JUDITH H. MATARAZZO, STATE OF OREGON COURTS, ANNA K. SORTUN, TONKON TORP, LLP, and FITBIT, INC.,<br><br>    Defendants. | Case No.: 3:23-cv-01136-AN<br><br>OPINION AND ORDER |

*Pro se* plaintiffs David William Stauffer and Laura Stauffer bring this action against Judith Matarazzo ("Judge Matarazzo"), the State of Oregon Courts, Anna K. Sortun ("Sortun"), Tonkon Torp, LLP ("Tonkon Torp"), and Fitbit, Inc. ("Fitbit")[1] alleging deprivation of civil rights under 42 U.S.C. § 1983.

Judge Matarazzo and the State of Oregon Courts ("state defendants"), Sortun and Tonkon Torp ("private attorney defendants"), and Fitbit each separately filed motions to dismiss. After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the reasons stated herein, the motions to dismiss are granted.

**LEGAL STANDARD**

A.   **Federal Rule of Civil Procedure 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move to dismiss an action for lack of subject-matter jurisdiction. A challenge to subject-matter jurisdiction may be facial, asserting that the allegations contained in the complaint are insufficient to confer subject-matter jurisdiction, or factual, challenging the truth of the allegations used to assert subject-matter jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial challenge, the court must take the allegations in

---

[1] In later filings, plaintiffs also refer to defendant Multnomah County. *See, e.g.*, Pls.' Opp'n to Private Att'y Defs.' and State Defs.' Mots. to Dismiss, ECF [9], at 4. However, Multnomah County was not named as a defendant in the complaint, and plaintiffs did not subsequently amend the pleadings or join parties.

1

the complaint as true. *Id.* The court must dismiss any claims over which it lacks subject-matter jurisdiction. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

B.     **Federal Rule of Civil Procedure 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed R. Civ. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Bare assertions that amount to mere "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

In ruling on a (12)(b)(6) motion to dismiss, a court may consider only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A court may also consider "a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.*

The court must construe pleadings by *pro se* plaintiffs liberally and must give them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). Before dismissing a complaint, a court must give a statement of the complaint's deficiencies and must give leave to amend the complaint unless it is "'absolutely clear'" that the deficiencies could not be cured by amendment. *Id.* (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

C.     **42 U.S.C. § 1988(b) Attorney's Fees**

42 U.S.C. § 1988(b) permits the court, in its discretion, to award the prevailing party in a 42 U.S.C. § 1983 case reasonable attorney's fees. 42 U.S.C. § 1988(b).

A prevailing defendant may only be awarded attorney's fees in exceptional circumstances, "'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978)). The fact that a defendant prevails does not, on its own, automatically support awarding attorney's fees. *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994).

Attorney's fees "should rarely be awarded" against *pro se* plaintiffs, because "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). Courts should look for some other factor, such as repeated attempts by a *pro se* plaintiff to bring claims previously found to be frivolous, when considering whether to award attorney's fees against a *pro se* plaintiff. *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987).

## BACKGROUND

Plaintiffs filed a complaint in Multnomah County Circuit Court against Fitbit related to injuries Laura Stauffer suffered while using a Fitbit activity tracker. Compl., ECF [1], at 4-5. Plaintiffs demanded a jury trial. *Id.*

According to plaintiffs, Sortun, an attorney employed by Tonkon Torp, filed "erroneous court pleadings" that led Judge Matarazzo to refuse to hold a jury trial. *Id.* 4. Plaintiffs clarify in their briefing that Sortun filed a motion asking Judge Matarazzo to submit the action to arbitration. Pls.' Opp'n to Private Att'y Defs.' And State Defs.' Mots. To Dismiss, ECF [9], at 2-3. After three years of arbitration, plaintiffs allege that arbitration ended "without arbitrating an agreement between the parties," and they moved Judge Matarazzo to proceed with a jury trial. *Id.* 3. Sortun asked Judge Matarazzo to dismiss the case, and she did so over plaintiffs' objections. *Id.* On June 8, 2022, Judge Matarazzo entered a general judgment of dismissal. Compl. 4. The Oregon Supreme Court subsequently issued an order denying review of the matter, while "the appeals court is AWOP [sic]." *Id.*

Plaintiffs further allege that the "phony non-legal, non-jury, American Arbitration Association [the "AAA"]," which oversaw arbitration, was not the proper adjudication body. Pls.' Second

3

Opp'n to Private Att'y Defs.' and State Defs.' Mots. to Dismiss, ECF [17], at 5. After the AAA rendered its decision, plaintiffs state that Judge Matarazzo was prohibited by law from "learning or reading" the arbitration award. *Id*. Despite this, Sortun and Gracie Nagle, counsel for Fitbit, "knowingly submitted" an unsealed copy of the arbitration award to the court, which Judge Matarazzo read and used as a basis for her decision to dismiss the action. *Id.* Plaintiffs state that filing the unsealed arbitration award was a violation of Oregon Uniform Trial Court Rule 13.260, which requires the sealing of any award if a trial de novo is requested. *Id.* Had Judge Matarazzo not read the arbitration decision, plaintiffs argue, she would not have dismissed the case, denying plaintiffs a jury trial. *Id.* 6.

Plaintiffs seek reimbursement for medical bills and lost wages related to Laura Stauffer's injuries, punitive damages to induce Fitbit to remove the activity tracker from sale, and a declaration that Judge Matarazzo deprived plaintiffs of their right to a jury trial. Compl. 5.

The complaint was filed on August 3, 2023. On August 29, 2023, state defendants and private attorney defendants filed motions to dismiss. State Defs.' Mot. to Dismiss, ECF [5]; Private Att'y Defs.' Mot. to Dismiss, ECF [6]. On October 3, 2023, Fitbit filed a motion to dismiss. Fitbit's Mot. to Dismiss, ECF [20]. Plaintiffs filed numerous oppositions to the motions to dismiss. Pls.' Opp'n to Private Att'y Defs.' and State Defs.' Mots. to Dismiss, ECF [9]; Pls.' Second Opp'n to Private Att'y Defs.' and State Defs.' Mots. to Dismiss, ECF [17]; Pls' Third Opp'n to Private Att'y Defs' and State Defs.' Mots. To Dismiss, ECF [22]; Pls.' Fourth Mem. in Opp'n to Mot. to Dismiss, ECF [23]; Pls.' Fifth Opp'n to Mots. to Dismiss, ECF [25].

## DISCUSSION

### A.    Federal Rule of Civil Procedure 12(b)(1)

#### 1.    *Rooker-Feldman Doctrine*

State defendants, private attorney defendants, and Fitbit argue that the Court lacks jurisdiction over this action under the *Rooker-Feldman* doctrine. State Defs.' Mot. to Dismiss 2-4; Private Att'y Defs.' Mot. to Dismiss 6-7; Fitbit's Mot. to Dismiss 5-6.

The *Rooker-Feldman* doctrine, which takes its name from *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), instructs that federal district courts do not have subject matter jurisdiction to hear appeals from the state courts. "It is a forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

Plaintiffs allege that Judge Matarazzo erroneously received an unsealed arbitration award and dismissed their complaint in state court in spite of their wishes to proceed with a jury trial. They appealed this decision to the state appellate and supreme courts, which affirmed Judge Matarazzo's ruling. Plaintiffs' appeal of what they allege was a legal wrong committed by the state court is exactly the kind of action that the *Rooker-Feldman* doctrine forbids. Accordingly, the Court does not have jurisdiction to hear claims related to the allegedly erroneous legal rulings in the state court case.

**B.      Federal Rule of Civil Procedure 12(b)(6)**

1.      *42 U.S.C. § 1983*

a.      42 U.S.C. § 1983 Claim against Private Actors

Private attorney defendants and Fitbit argue that plaintiffs have failed to state a claim against them because claims brought pursuant to 42 U.S.C. § 1983 cannot be brought against private actors. Private Att'y Defs.' Mot. to Dismiss 4-6; Fitbit's Mot. to Dismiss 7.

42 U.S.C. § 1983 creates a cause of action for plaintiffs alleging a deprivation of civil rights by a state actor. To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must demonstrate "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

A court must begin with "the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). For private conduct to constitute governmental action, the court must find "something more" than simple

reliance by a private person on a rule or law.  *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982) ("Action by a private party pursuant to this statute, without something more, was not sufficient to justify a characterization of that party as a "state actor.")).  While there is no precise formula for measuring state action, the Supreme Court instructs that "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Private attorney defendants and Fitbit, unlike state defendants, are not governmental actors, and as such, their private conduct is presumed not to constitute governmental action unless "something more" is present.

Plaintiffs allege that private attorney defendants, acting as counsel for Fitbit, filed "erroneous court pleadings" seeking to compel arbitration and dismiss the action.  Compl. 4.  Plaintiffs do not allege that private attorney defendants were acting under color of state law or any nexus between private attorney defendants' conduct and the state.  As private actors not acting under color of state law, private attorney defendants cannot be sued under 42 U.S.C. § 1983.  *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (stating that lawyers in private practice who are not acting under color of state law cannot be sued under 42 U.S.C. § 1983); *Stephens v. Multnomah Cnty.*, No. 3:11-CV-01497-MO, 2012 WL 1143586, at *2 (D. Or. Apr. 3, 2012), *aff'd* (Aug. 8, 2012) (finding that defendant attorneys were not acting under color of law, and thus not proper defendants in a 42 U.S.C. § 1983 claim, when their motions to dismiss plaintiff's case in state court were granted).

Plaintiffs' allegations regarding Fitbit relate primarily to injuries caused by Fitbit's allegedly dangerous fitness trackers that were the subject of the state court litigation.  Plaintiffs do not allege that Fitbit was acting under color of state law or any nexus between Fitbit's actions and the state.  For these reasons, Fitbit is also not a proper defendant under 42 U.S.C. § 1983.

      b.     Absolute Judicial Immunity

State defendants argue that the claims against them must be dismissed because they are

entitled to absolute judicial immunity. State Defs.' Mot. to Dismiss 4.

Absolute judicial immunity bars suits against judges acting in their official capacity. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922-23 (9th Cir. 2004). It extends to state judges sued under 42 U.S.C. § 1983. *Id.* "To qualify for judicial immunity, a judge must have performed a 'judicial act' which was within the scope of his jurisdiction." *McGuire v. Clackamas Cnty. Couns.*, No. 08-CV-1098-AC, 2009 WL 4456310, at *4 (D. Or. Nov. 24, 2009) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). An act is a judicial act if it is "a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity." *Id.* Judges enjoy judicial immunity "even when their actions are erroneous, malicious, or in excess of judicial authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

Plaintiffs allege that Judge Matarazzo read an arbitration award that was supposed to remain sealed and, as a result, dismissed plaintiffs' state court action, depriving them of the right to a jury trial. Judge Matarazzo was performing judicial acts when she considered plaintiffs' and Fitbit's motions and dismissed the state court action. Because Judge Matarazzo was acting in her official capacity, she is entitled to judicial immunity even if, as plaintiffs allege, her actions were erroneous. Accordingly, Judge Matarazzo is not subject to suit based on plaintiffs' allegations.

2. *Preclusion*

State defendants and Fitbit argue that this action is barred on the grounds of claim and issue preclusion. State Defs.' Mot. to Dismiss 5-6; Fitbit's Mot. to Dismiss 7-9.

28 U.S.C. § 1738, the "full faith and credit" statute, mandates that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81(1984). Under the doctrine of claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Claim preclusion applies where: " (1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same

7

claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Cent. Delta Water Agency v. United States, 306 F.3d 938* (9th Cir. 2002) (citing *Blonder–Tongue Laboratories v. University of Ill. Foundation*, 402 U.S. 313, 323–24 (1971)).  The Ninth Circuit has explained that "'[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir.2000)) (internal quotation marks and citations omitted).

Issue preclusion, also referred to as collateral estoppel, "is designed to 'bar[ ] successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination.'" *Paulo v. Holder*, 669 F.3d 911 (9th Cir. 2011) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted)).  Because federal courts must give full faith and credit to the state court judgment, it must apply the relevant state's preclusion law. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).  Under Oregon law, previous litigation has issue preclusive effect when five elements are met:

> "(1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final decision on the merits in the prior proceeding; (3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding; and (5) the prior proceeding was the type of proceeding to which the state court will give preclusive effect."

*Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985 (9th Cir. 2007) (quoting *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 104, 862 P.2d 1293 (1993), *aff'd sub nom. Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008).  In Oregon, issue preclusion applies to matters decided in arbitration as well those decided in a judicial proceeding. *Fairbank v. Underwood*, 986 F. Supp. 2d 1222, 1235 (D. Or. 2013) (citing *Westwood Const. Co. v. Hallmark Inns & Resorts, Inc.*, 182 Or.App. 624, 634 n. 7, 50 P.3d 238 (2002), *rev. denied*, 335 Or. 42, 57 P.3d 581 (2002)).

Plaintiffs are barred by both claim and issue preclusion from re-litigating their claims before this Court.  Although plaintiffs have brought in additional participants as defendants, this claim

8

includes the same parties from the original state court action, involves the same claim regarding injury caused by Fitbit's activity tracker, and was terminated by a final judgment on the merits when Judge Matarazzo dismissed the action based on the binding arbitration result. That final judgment was upheld by Oregon Court of Appeals and Supreme Court. Although plaintiffs state that they bring a new claim because they now allege violation of civil rights by parties to the state court proceedings, plaintiffs seek a declaration that the dismissal of their state court case was wrong and damages related to Fitbit's alleged wrongdoing; in essence, they seek to relitigate the same claims brought in the state court proceedings. Plaintiffs are, therefore, barred by claim preclusion from bringing this action.

As to issue preclusion, the underlying issue as to whether Fitbit caused plaintiffs injury by selling a dangerous activity tracker was actually litigated in the state court action and arbitration. Although plaintiffs argue that the AAA was not the proper body to hear the dispute and that Judge Matarazzo erroneously dismissed the action based on the request of Sortun and Fitbit, denying plaintiffs the right to a jury trial, they had the opportunity to raise these issues in the underlying proceedings. Plaintiffs did, in fact, challenge the outcome of the case by appealing to the Oregon Court of Appeals and Supreme Court, but the result was affirmed. Accordingly, plaintiffs' claims are also barred by issue preclusion.

3.  *Failure to Plead Sufficient Facts*

State defendants argue that plaintiffs failed to allege sufficient facts to support their claims. State Defs.' Mot. to Dismiss 6-7. Specifically, state defendants argue that the claim that Judge Matarazzo's refusal to assign plaintiffs' case for jury trial violated their constitutional right to a jury trial constitutes a legal conclusion, unsupported by factual allegations, because "[n]ot every dismissal prior to a jury trial is a constitutional violation." *Id.* 6-7.

Construing plaintiffs' allegations liberally, they state that Judge Matarazzo presided over the state court action, submitted the action to an unjust arbitration, erroneously read an unsealed arbitration award, and erroneously dismissed the action. As a result, Judge Matarazzo refused to assign the case for a jury trial in violation of plaintiffs' due process rights. Plaintiffs state that in lieu of a jury trial they were subjected to arbitration by the "phony non-legal, non-jury, American Arbitration Association," pursuant to

9

Judge Matarazzo's order.  Pls.' Second Opp'n to Private Att'y Defs.' and State Defs.' Mots. to Dismiss, ECF [17], at 5.

While threadbare legal conclusions are not sufficient to state a claim, here plaintiffs have made specific factual allegations that, while legally insufficient on other bases, do state a cognizable legal theory.  According to plaintiffs, Judge Matarazzo, despite understanding plaintiffs' right to a jury trial, chose to submit their claims to "phony" arbitration, then erroneously dismissed the action based on the arbitration award.  While state defendants are correct that not every dismissal violates a constitutional right to a jury trial, construed liberally, plaintiffs' complaint alleges facts suggesting that Judge Matarazzo wrongfully dismissed the action, resulting in a denial of due process.

State defendants also argue that plaintiffs fail to plead sufficient facts regarding the State of Oregon Courts, which is listed as a defendant.  State Defs.' Mot. to Dismiss 7.  The complaint does not contain any allegations specific to the State of Oregon Courts, aside from referencing it as Judge Matarazzo's employer.  Plaintiffs do not, however, allege a theory of *respondeat superior* liability or any other basis for bringing claims against the State of Oregon Courts.  As a result, plaintiffs have failed to plead sufficient facts to state a claim against the State of Oregon Courts.

    4.    *Eleventh Amendment Immunity*

State defendants argue that they are immune to suit under the Eleventh Amendment.  State Defs.' Mot. to Dismiss 7.

The Eleventh Amendment bars citizens from bringing suits against states in federal court.  *Micomonaco v. State of Wash.*, 45 F.3d 316, 319 (9th Cir. 1995).  There are two exceptions to this prohibition: suits are permitted when Congress abrogates the Eleventh Amendment and when a state waives its immunity and consents to suit.  *Id.*  It is "well established" that Eleventh Amendment immunity extends to agencies of the state.  *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040 (9th Cir. 2003).

The State of Oregon Courts, as an agency of the State of Oregon, is immune to suit under the Eleventh Amendment unless Congress abrogates that immunity or the state waives it and consents to

...
...

suit. Here, the State of Oregon and the State of Oregon Courts have not waived their immunity, and plaintiffs do not raise any other exception to the Eleventh Amendment. Accordingly, the State of Oregon Courts is immune from this suit under the Eleventh Amendment.

### C.     Attorney's Fees

Private attorney defendants and Fitbit request an award of attorney's fees pursuant to 42 U.S.C. § 1988. Private Att'y Defs.' Mot. to Dismiss 7; Fitbit Mot. to Dismiss 9-10.

Plaintiffs' complaint, which lacks foundation on numerous grounds, is the type for which prevailing defendants may be awarded attorney fees. However, the Court declines to award attorney fees in light of plaintiffs' *pro se* status and in the absence of any additional factors, such as multiple frivolous actions, weighing in favor of awarding fees. *See Stephens v. Multnomah Cnty.*, No. 3:11-CV-01497-MO, 2012 WL 1143586, at *3 (D. Or. Apr. 3, 2012), *aff'd* (Aug. 8, 2012) (declining to award fees to prevailing defendant where plaintiff was proceeding *pro se* in "her first attempt with these claims.").

## CONCLUSION

For the foregoing reasons, the Motions to Dismiss, ECF [5], ECF [6], and ECF [20], are GRANTED. Plaintiffs' complaint is dismissed with prejudice and without leave to amend because the legal deficiencies described herein could not be cured via amendment.

IT IS SO ORDERED.

DATED this 30th day of January, 2024.

*[signature]*
Adrienne Nelson
United States District Judge